## BRIEN & WOODARD v. J. O'SHAUGHNESY.

1. TAX SALE. *Collector's deed.* A tax collector's deed is not void which fails to recite that in selling the land the collector pursued the statute by offering first to sell a less quantity than the whole to whoever would bid the amount of the taxes on the smallest number of acres.

2. SAME. *Several lots sold as a whole.* A tax sale is not void because several town lots belonging to one owner, lying contiguous and forming one tract or body, were assessed, reported and sold as a whole instead of separately.

Brien & Woodard *v.* O'Shaughnesy.

3. SAME. *Substitution of original for copy of collector's report.* The substitution of the original report of the collector for a copy, to accompany the order of sale, will not invalidate the sale.

4. SAME. *Return of order of sale.* The failure of the collector to make return of the order of sale in due time, as required by the statute, will not affect the right of the purchaser.

5. SAME. *Collector may make second deed with fuller recitals.* A deed by the collector made to the purchaser after the commencement of an action of ejectment, in confirmation of a previous deed, but containing fuller recitals, may be read in evidence, though it does not in terms refer to the first.

---

### FROM DAVIDSON.

---

Appeal in error from the Circuit Court of David-son county. N. BAXTER, J.

M. M. BRIEN, Sr., for Brien & Woodard.

A. L. DEMOSS for O'Shaughnesy.

MCFARLAND, J., delivered the opinion of the court.

This is an action of ejectment upon a tax title. There was judgment by default for want of a plea or defense within proper time, but upon cause shown the judgment by default was set aside and defense permitted, and upon final trial judgment for the defendant. The plaintiffs took a bill of exceptions, showing the ground upon which the judgment by default was set aside, and also a bill of exceptions to the proceedings upon the trial, and have appealed in error.

They insist, *first*, that the court erred in setting aside the judgment by default. But this was a matter within the sound legal discretion of the Circuit Judge. The application was made in good time, accompanied

by an affidavit explaining the failure to appear sooner, and showing an interest in the property and a reasonable ground to defend. The discretion of the court was properly exercised in favor of a trial upon its merits.

It is assumed in argument that the court below held the tax collector's deed, under which the plaintiffs claimed, void, because it failed to recite upon its face that in selling the land the collector pursued the statute by offering first to sell a less quantity than the whole to whoever would bid the amount of the taxes, etc., for the smallest number of acres.

The charge is somewhat ambiguous upon this point. It does appear at one point in the record, that the judge was inclined to so hold, and the charge argues to this conclusion and cites authorities to show that a purchaser taking a deed without such recital, is estopped to show that the sale was otherwise than as recited in the deed. If such be the proper construction of the charge—and it is susceptible to this construction—it is erroneous, as held by this court in the case of *Brien & Woodard* v. *Andrew Creighton*, MS.

It is argued, however, in behalf of the defendant, that even conceding this to be error, that there should be no reversal, because the court can clearly affirm that the sale was void and the plaintiffs got no title. We are, however, not prepared so to hold. The ground upon which mainly this holding is asked is, that the land consists of several town lots, and they were all assessed, reported and sold as a whole instead of separately. Lots or parcels of land belonging

to the same owner, lying contiguous, forming one tract or body, may be given in as a whole included in one valuation, Code, sec. 569, and as a result may be reported and sold as one tract is reported and sold. The charge of the Circuit Judge seems to hold the contrary. If the facts should bring this case within the above rule, the sale would in this respect be valid. The Code, section 627, provides, that to make the sale valid and communicate a good title to the purchaser it shall be sufficient: "That the land sold lies in the county in which it has been reported for non-payment of taxes, and is sufficiently described; that it has been duly reported; that an order of sale has been awarded; that the sale was duly advertised; and to establish these facts the collector's deed reciting their existence shall be *prima facie* evidence. No sale shall be invalid because the number of acres is not precisely given in the report, nor on account of any objection or informalities merely technical, but such sale shall be good and valid if the foregoing requisites are substantially complied with, whether the land be sold in the name of the true owner or not." Secs. 628, 629.

His Honor held that a failure to issue a *copy* of the collector's report to accompany the order of sale, as required by section 615 of the Code, was fatal to the sale; that the substitution of the original report of the collector in the place of a copy, would not suffice. He held further, that a failure of the collector to make return of the order of sale in due time, as required by the statute, was fatal. In both respects we think his Honor was clearly in conflict

with the plain letter of the statute, declaring what shall be sufficient, and that a substantial and not a literal compliance with the provisions of the statute is required. The issuance of the original report annexed to the order of sale instead of a copy, is a substantial compliance with the law. The objection is merely technical. The process is required to be returned as other *fieri facias.* Code, sec. 616.

It is settled that the title of execution purchasers of land is not to be affected by the failure of the sheriff to make proper return. *Mitchell* v. *Lipe,* 8 Yerg., 179. And it would be difficult to see why a more rigid rule should apply to a purchaser at a tax sale; in fact the same rule has been applied to a tax sale. *Barry* v. *Rhea,* 1 Tenn., 345.

It appears further that plaintiffs offered in evidence a second deed for the premises, made by the collector after the action was brought, founded upon the same sale, and similar to the first, except that it contains fuller recitals.. His Honor, however, upon objection, refused to admit it in evidence. In this we think he again erred. See *Crockett* v. *Campbell,* 2 Hum., 411, and *Simmons* v. *McKissick,* 6 Hum., 259.

Deeds made in confirmation of previous deeds or acts, may be admitted, although made after action brought. While the last deed does not in terms refer to the first, yet it was in effect intended to be in confirmation of it, and the plaintiffs had the right to read it for that purpose.

For the errors indicated, the judgment must be reversed and the cause remanded for a new trial.